UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JASON MONROE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:17-CV-1512 RLW |
|  | ) |  |
| ANNE L. PRECYTHE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Jason Monroe, an inmate at Farmington Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court assesses a partial initial filing fee of $36.23, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, plaintiff will be required to amend his complaint on a court-provided form within thirty (30) days of the date of this Memorandum and Order.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $181.16. Accordingly, the Court will assess an initial partial filing fee of $36.23.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim

2

for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is an inmate at Farmington Correctional Center. He brings this action pursuant to 42 U.S.C. § 1983 against seventeen (17) different defendants. He sues all defendants in their individual and official capacities.[1]

Count I alleges that the mail censorship procedures at Farmington Correctional Center are in violation of plaintiff's First Amendment rights, "overbroad and restrictive" and go "far beyond a valid penological interest." Plaintiff appears to be asserting that not only is the policy in violation of the First Amendment as written, but it is also in violation of the Constitution as applied. He asserts that it also censors legal mail, as well as pictures and printed materials inmates have in their cells. Just on behalf of this one claim, plaintiff names almost all of the defendants as having applied the policy to him, but he has not alleged when each defendant purportedly acted. He also appears to be asserting a policy and practice claim with regard to his First Amendment claim, and he has also generally mentioned that some of the defendants are responsible for a failure to train claim as a result of this unnecessarily overbroad and restrictive policy.

---

[1] The Court takes judicial notice of the fact that plaintiff has made some of the same claims and added many of the same defendants as those already made in his ongoing lawsuit in this Court. *See Monroe v. Bernsen*, No. 4:15-CV-1049 DDN (E.D.Mo.). The Court will not allow plaintiff to make duplicative claims in this lawsuit. Such claims will be dismissed.

3

Count II appears to be against defendant Kristin Johnson and purports to allege an Eighth Amendment violation for subjecting plaintiff to disciplinary segregation for a purported mental health disability. Plaintiff has not alleged when this purportedly occurred.

Count III lies against defendant Coel Jackson, and purportedly occurred on December 2, 2016, when plaintiff states defendant Jackson violated his Eighth Amendment rights by giving him a conduct violation for failing to provide him with a urine specimen in spite of the fact that plaintiff had a known disability.

In Count IV, plaintiff alleges that defendant Brawley and defendant Clubb subjected him to cruel and unusual punishment by allowing a subordinate to question plaintiff about his failure to produce a urine specimen. Plaintiff also asserts that Director Precythe failed to train her officers in the correct procedures of collecting urine specimens.

In Count V, plaintiff alleges that defendant Anita Clarke failed to provide him effective medical care even after the Paruresis Foundation sent her information about his purported disability.

In Count VI, plaintiff alleges that defendant Clubb, the Urinalysis Coordinator, failed to train his subordinates in the proper manner of performing drug testing or sample connection. Plaintiff also alleges that Clubb was in violation of the Eighth Amendment when he issued him a conduct disorder for failing to provide a urine specimen when it was due to a disability.

In Count VII, plaintiff asserts that defendant Stephen Spitzmiller again gave him a conduct disorder, in violation of the Eighth Amendment, for failing to provide a urine specimen as a result of his purported disability.

In Count VIII, plaintiff asserts that Kristin Johnson violated his rights to due process by withholding evidence in a hearing on his violation.

4

In Count IX, plaintiff claims that Tom Villmer, Bill Bowyer, Mike Gunn, and Tammi White, subjected him to an Eighth Amendment violation when they upheld sanctions against him after his hearing on his disciplinary segregation. He also states that these individuals failed to properly train their staff on the proper procedures in urinalysis sample collection.

In Count X, plaintiff asserts a respondeat superior claim against Alan Earls for upholding his grievance appeals.

In Count XI, plaintiff states that Anne Precythe violated his rights as the Director of MDOC.

Plaintiff seeks injunctive relief and unspecified monetary damages. In fact, plaintiff has filed a separate motion for injunctive relief, seeking an order from this Court to allow him to stop the Missouri Department of Corrections from giving him conduct violations if he is unable to provide a urine specimen on demand. Plaintiff has additionally filed a request for subpoena requiring defendants to provide him with a copy of his medical records.[2]

## Discussion

The Court has reviewed the complaint and believes that, although plaintiff may be able to assert claims based on the denial of his constitutional rights, he has improperly joined in this one lawsuit all seventeen (17) defendants and his numerous claims against them. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any

---

[2]Plaintiff has also filed motions to supplement his complaint by interlineation. The Court does not accept supplements to complaints, nor does it accept amended complaints by interlineation. If plaintiff wishes to supplement his complaint, he must provide an entirely new complaint on a court-form.

> question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Rule 18(a) of the Federal Rules of Civil Procedure, which governs joinder of claims, provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant are valid.

Because plaintiff is proceeding pro se, the Court will give him an opportunity to file an amended complaint. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his

6

amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed in forma pauperis.

Plaintiff must prepare the amended complaint using a Court-provided form, and must follow Rule 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[3] If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff is advised that he must allege facts that show how each defendant is causally linked to, and directly responsible for, violating his rights. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Plaintiff is also advised that, for an action to be allowed to proceed against a fictitious, or "Doe" defendant, the complaint must make sufficiently specific factual allegations to permit that

---

[3]The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

7

defendant to be identified after reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

The Court will deny, however, plaintiff's motion for appointment of counsel. Plaintiff appears to be able to litigate his own interests at this time, and at this time the claims are neither unreasonable nor complex. Further, plaintiff has another case in this Court with similar claims in which he has appointed counsel. *See Monroe v. Bernsen,* No. 4:15-CV-1049 DDN (E.D.Mo.).

Last, the Court will not entertain plaintiff's request for a protection order at this time. Plaintiff essentially asks this Court to overrule MDOC's security and drug check practices in place without any factual or legal arguments relative to plaintiff's purported "disability" of his inability to give spot urine specimens. This Court has no knowledge of plaintiff's medical records or of MDOC's drug check procedures and this will likely be a central issue in this case, should plaintiff choose to amend his complaint to bring these claims on his behalf. If plaintiff's claims relating to his purported disability survive initial review pursuant to 28 U.S.C.§ 1915, the Court will then order the MDOC defendants to address plaintiff's disability claims and can take up his requests for protective order at that time, should he wish to renew them.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

8

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $36.23 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the Federal Rules of Civil Procedure and the instructions set forth in this Memorandum and Order, no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two (2) blank forms for the filing of a prisoner civil rights complaint. Plaintiff may request additional forms from the Clerk, as needed.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #5] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request to supplement his complaint by interlineation is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request for protective order [Doc. #8] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's motion for discovery and for subpoenas [Doc. #10] is **DENIED** as discovery has not yet commenced in this action.

**If plaintiff fails to timely comply with this Order, the Court may dismiss this action, without prejudice and without further notice.**

Dated this 21ST day of February, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE